## Smyser *against* Smyser.

Whether a widow be entitled to recover interest upon a sum secured to her by recognizance, in a proceeding in partition in the Orphan's Court, may, under particular circumstances, be referred to a jury.

ERROR to the Common Pleas of *York* county.

The administrators of Barbara Smyser, deceased, against Peter Smyser, with notice to Adam Bott and others, terre-tenants. This was a *scire facias* upon a recognizance in the Orphans' Court, in which the following facts appeared:

Peter Smyser, Sen., of York county, died intestate, seised of the tract of land bound by the recognizance. Proceedings in partition were instituted in the Orphans' Court, by his heirs, and the tract of land was accepted by the defendant, at the valuation made by the inquest, whereupon the Orphans' Court, on the 19th of February 1833, decreed the same to him, and he entered into said recognizance to secure to the widow, and other heirs of the intestate, their several and respective shares of the valuation.

The plaintiffs' intestate was the widow of Peter Smyser, Sen., and received from the defendant, on account of the dower in said tract, $100 on the 1st of April 1836, and died on the 20th of August 1841, without having received more. After her death, letters of administration on her estate were duly granted to the plaintiffs by the register of York county, and they received further on account of said dower, $900 on the 7th of May 1842.

The said widow was the mother of the defendant. The defendant, on the 29th of June 1841, assigned said land for the benefit of his creditors, and was still living on it at the death of his mother. The interest to which she was entitled annually from all the lands of her husband, amounted to $1247.48.

The plaintiffs claimed interest on the annual sums due to the widow from the defendant, and in arrear; and if they were entitled thereto, then judgment was to be entered against defendant for $1197.81; and if the interest be also a lien on said land, then the said judgment to be also entered *de terris*. If plaintiffs be not

III. — 2 M *

[Smyser v. Smyser.]

entitled to said interest, then judgment for $759.23 for plaintiffs *de terris.* If plaintiffs be entitled to said interest, but the same be not a lien on the lands, then judgment for $1197.81, of which $759.23 to be *de terris*, and $428.58 against defendant alone.

The court below rendered a judgment, for the whole amount of the plaintiffs' claim, *de terris.*

*Ramsey*, for plaintiff in error, cited 2 *Watts* 203; 2 *Binn.* 146. *Evans* and *Mayer*, contra.

PER CURIAM.—*Primâ facie* annual payments to the widow of an intestate, charged on his land as an equivalent for her dower at the common law, bear interest from the day they are due. But in this instance, there may perhaps be enough in the relation of the parties to convince a jury that the money was left in the defendant's hands on deposit, because not immediately needed. In the case of a stranger no such presumption would arise; but between a parent and child, it might in some cases be implied. In any case, however, it must depend on particular circumstances. For instance, wherever it would not be unjust to her other children to leave the money in the hands of her son, it might be supposed that she had let him have the use of it as a gratuity; and on the other hand, the supposition might be rebutted by a variety of other considerations. It is a presumption purely of fact, however, which can be drawn on either side only by a jury, according to the strength of the circumstances; and as it is not a legal inference from the facts found, we are compelled to remit the cause for another trial.

Judgment reversed, and *venire facias de novo* awarded.