## Pierce *versus* Gardner.

1. P. had a judgment against S. and wife for $881.31. S. and wife conveyed certain land to D., the deed to whom contained this clause, "this deed is made subject to a mortgage against the above described premises held by P., balance due $881.31." No mortgage existed. The lien of the judgment of P. expired by reason of a failure to revive. Meantime D. gave a mortgage upon the property for $5000. A scire facias issued on this mortgage and the property was sold. After this mortgage was entered of record, P. revived his judgment and had the property sold, and himself became the purchaser. He then brought an equitable ejectment against the tenant in possession, and sought to recover a conditional verdict for the balance, as per the clause in the deed. At the trial he offered evidence to substantiate his claim and to prove notice thereof at the sheriff's sale under the mortgage. The court rejected the evidence and directed a nonsuit: *Held*, that this was not erroneous.

2. The clause in the deed was not a condition, nor a reservation of any estate in the vendor which did not pass to the vendee at the sheriff's sale, and the greatest effect that could be claimed for this clause was that it created an equitable lien for so much of the purchase-money, which lien was discharged by the sale.

November 23d 1876. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS and MERCUR, JJ., absent.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1876, No. 107.

[Pierce *v.* Gardner.]

This was an equitable ejectment by Rexford Pierce against W. G. Gardner.

In 1865, Pierce advanced to Henry and Catherine Smith $1200, for which they gave him a judgment-bond upon which judgment was entered in April 1865. In September 1868, John H. Dilks purchased the property in dispute, the deed from the Smiths to Dilks containing the following clause : " This deed is made subject to a mortgage against the above-described premises held by Rexford Pierce—balance due $881.31."

No mortgage existed, and it was manifestly the intention of the parties that the judgment above referred to should be regarded in the nature of a mortgage.

Dilks subsequently paid $400 or $500 on this claim. In 1870, S. & J. M. Flanigan obtained a mortgage from Dilks on the property for $5000, which mortgage was foreclosed in November 1872, the lessors of the defendant buying in the property. At this sale the plaintiff gave notice that he had a claim against the land, and that the same was shown by the deed to Dilks.

On the 10th of May 1870, the lien of the judgment entered on the deed of the Smiths to Pierce expired and the proceedings to revive the same were not taken until July 1872, nor judgment obtained until March 1874. Under this judgment Pierce sold the land and bought it in himself.

In September 1874, Pierce instituted this suit against the tenant in possession of the premises, and sought to recover a conditional verdict for the balance.

On the trial, before Lowrie, P. J., the plaintiff made the following offers :—

1st. To prove by himself that John H. Dilks came to plaintiff in September 1868, and said he had agreed to purchase the lot in question from Henry and Catherine Smith, and, as a consideration, was to pay plaintiff the amount of his claim against the premises, and balance to the Smiths ; that plaintiff told Dilks at the time, that his claim amounted to $881.31, which was then in judgment, and the only claim he had against the Smiths, and that subsequently—April 7th 1869—Dilks paid to plaintiff upon this claim $500, and July 1st 1871, $82.20, and that the property was worth from $5000 to $6000 ; to be followed by evidence that notice was given at sheriff's sale of the property to the Flanigans of the claim of the plaintiff, and that the same was of record in the deed from Smith to Dilks.

2d. To prove by Joshua Douglass, Esq., attorney for the plaintiff, who was present at the sherlff's sale on the lev. fac. of Flanigans *v.* Dilks, that he gave notice of the claim of the plaintiff against the premises, there being sold, of between $400 and $500, and that the same was shown by the record of the conveyance of Smith and wife to Dilks.

[Pierce v. Gardner.]

Both of these offers the court rejected and directed a nonsuit.

Plaintiff took this writ and assigned this action of the court for error.

*Joshua Douglass*, for plaintiff in error.—The plaintiff's claim was a charge upon the land running with the title. An estate upon condition: Bear v. Whisler, 7 Watts 144. As to effect of notice: LaNeve v. LaNeve, Ambler 1; Murphy v. Nathans, 10 Wright 508; Spear v. Evans, 11 Id. 141. Judicial sale will not discharge an encumbrance when the charge stands in the title: Dewalt's Appeal, 8 Harris 236; Hart v. Homiller, 8 Id. 248; Hiester v. Green, cited by the defendant in error, sustains this position; so also Helfrich v. Weaver, 11 P. F. Smith 385.

*George F. Chester*, for defendant in error.—The clause in the deed reserved no " estate" in the land; annexed no " condition " to the conveyance; made no express "charge running with the land." Plaintiff's lien, if it survived until 1872, had certainly been divested by the sheriff's sale under the mortgage: Stewartson v. Watts, 8 Watts 392; Hiester v. Green, 12 Wright 96; Strauss's Appeal, 13 Id. 355, and cases there cited.

Mr. Justice PAXSON delivered the opinion of the court, January 2d 1877.

It is conceded that the mortgage referred to in the deed from Henry and Catherine Smith to John H. Dilks has no existence. The plaintiff held a judgment against the Smiths upon which there was a balance due of $881.31. It was probably intended to make the deed subject to this judgment, but by some inadvertence it is described as a mortgage. The lien of the judgment expired by reason of a failure to revive. In the meantime Dilks gave a mortgage upon the property for $5000. A scire facias was issued upon this mortgage in 1872, and proceeded upon to judgment and sheriff's sale. The premises were sold to the mortgagees under whom the defendant claims. Pierce, the judgment-creditor, proceeded to revive his judgment after the mortgage referred to was entered of record, levied upon and sold the premises at sheriff's sale, and became the purchaser thereof. He then instituted this suit, which was an equitable ejectment against the tenant in possession, and sought to recover a conditional verdict for the balance due him as per the following clause in the deed: " This deed is made subject to a mortgage against the above-described premises held by Rexford Pierce, balance due $881.31." The court below rejected the evidence offered by defendants to substantiate the claim referred to in the deed, as well as evidence to prove notice thereof at the sheriff's sale under the mortgage, and directed a nonsuit, all of which is assigned for error.

[Pierce v. Gardner.]

The claim of the plaintiff must rest upon the language of the deed. It can derive no support from the mortgage, for none existed; nor from the judgment, for the lien thereof had expired when the mortgage of the defendants was recorded. It was urged, however, that the deed itself created a charge upon the land, and that inasmuch as such charge appeared upon the face of the title, the mortgagees had notice and took subject to it. If we concede this position to be correct it does not help the plaintiff. The clause in the deed does not amount to a condition. There was no reservation of any estate in the vendor, which, according to Catlin v. Robinson, 2 Watts 373, does not pass to the sheriff's vendee, because, as is there held, "a judicial sale does not divest titles, but only liens and encumbrances." The greatest effect that can be claimed for this clause in the deed is that it created an equitable lien for so much of the purchase-money. Under the authorities such liens are discharged by a judicial sale. It is sufficient to refer to Stewartson v. Watts, 8 Watts 392; Hiester v. Green, 12 Wright 96, and Strauss's Appeal, 13 Id. 353. The exceptions noted in the cases cited are: 1. Where liens are created by last wills and testaments as permanent provisions for wives and children; 2. Where from the nature of the encumbrance it will not readily admit of valuation; and 3. Where it is plain from the agreement of the parties that the encumbrance was intended to run with the land. This case comes within neither of the exceptions. The claim of the plaintiff referred to in the deed was due and payable when the premises were sold under the mortgage. If he had an equitable lien it was discharged by that sale and his remedy was upon the fund created thereby.                                        Judgment affirmed.