## Estate of Calvin Washburn, deceased. Appeals of Eleanor Owens and Mary A. Crawford.

*Practice, orphans' court—Bill of review—Joint executors.*

The Supreme Court will not reverse a decree of the orphans' court setting aside the confirmation of a joint partial account of two executors, and permitting the representative of one of the executors who had died to file a separate account, where it appears that the deceased executor had taken no active part in the settlement of the estate, had never had actual possession of any of the assets thereof, and that seventeen years had elapsed before any attempt had been made to hold the estate of the deceased executor for the devastavit of his coexecutor.

*Wills—Charges on land—Sheriff's sale.*

The exceptions to the rule that a sheriff's sale discharges liens created by deed or will are (1) where liens are created by last wills and testaments as permanent provisions for wives and children; (2) where from the nature of the incumbrance it will not readily admit of valuation; (3) where it is plain that they were intended to run with the land.

Testator directed his executors to invest a certain sum in mortgages on real estate and to pay the income to his daughter for life or, at her option, to invest the amount in real estate and secure to her the income thereof. At her death the principal sum invested or the real estate bought was to go to his granddaughter, to whom he also gave a money legacy payable immediately after his death. The remainder of his estate, real and personal, after paying and securing all legacies, was given to his son, one of his executors. Two and one half years after his son went into possession of the real estate which passed to him under the residuary clause of the will it was sold by the sheriff under a judgment obtained against him. *Held*, (1) that the will disclosed no intention to secure by a continuing lien a permanent provision for either daughter or granddaughter; (2) that the liens had been divested by the sheriff's sale.

Argued April 11, 1898. Appeals, Nos. 467 and 468, Jan. T., 1897, by Eleanor Owens and Mary A. Crawford, from decree of O. C. Luzerne Co., No. 913, of 1875, overruling exceptions to account, and declaring liens of legacies discharged. Before

STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.
Affirmed.

Petition of E. Merrifield, legal representative of the estate of
William Merrifield, for review of the account of the said Wil-
liam Merrifield and Nicholas Washburn, executors of Calvin
Washburn, deceased.

Exceptions to account of E. Merrifield, executor of William
Merrifield, of the administration of the estate of Calvin Wash-
burn.

Separate petitions of Mary A. Crawford, formerly Mary A.
Washburn, and Eleanor Owens, formerly Eleanor Washburn,
widow and daughter of Calvin Washburn, deceased, to have
annuities declared a charge on real estate. Before DARTE, P. J.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were decrees of the court, permitting the
review, dismissing exceptions to the account, and refusing to
charge real estate.

*Thomas F. Wells*, for appellants.—It was seventeen years
after the account had been confirmed that the application was
made. The act of assembly authorizing a review limits it to
five years.

The petition set forth no sufficient grounds: Priestley's App.,
127 Pa. 420.

There is no sufficient ground for allowing the filing of a
separate account, even if the application were in time: Weig-
and's App., 28 Pa. 571; Weldy's App., 102 Pa. 461; Stong's
Est., 160 Pa. 13; Bohlen's Est., 75 Pa. 304.

The liens were not discharged: Wertz's App., 65 Pa. 306;
Gallagher's App., 48 Pa. 122; McGlaughlin v. McGlaughlin,
24 Pa. 23; Horner v. Hasbrouck, 41 Pa. 181; Smith v. Seaton,
117 Pa. 382; Hiester v. Green, 48 Pa. 96; Rohn v. Odenwel-
der, 162 Pa. 352; Dewalt's App., 20 Pa. 239; Helfrich v.
Weaver, 61 Pa. 390; McCredy's App., 47 Pa. 450; Dewart's
App., 43 Pa. 326.

*Wm. H. Jessup*, with him *Alfred Hand*, and *Wm. J. Hand*,
for appellee, Harriet C. Mott, the sheriff's vendee of the land
sought to be charged.—Granting that the legacies given to

appellants by the fourth clause of Calvin Washburn's will were charges upon the real estate devised to Nicholas Washburn, the liens were discharged by the sheriff's sale of the land in 1877.

The legacies in question were not continuing or fixed liens against testator's real estate: Gallagher's App., 48 Pa. 122.

The liens of the legacies were discharged by the sheriff's sale; Barnet v. Washebaugh, 16 S. & R. 410; Woods v. White, 97 Pa. 222; Wood's App., 20 W. N. C. 250; Pryer v. Mark, 129 Pa. 529.

*John F. Scragg*, for appellee, E. Merrifield, executor.—The orphans' court is a court of equity, with full power to review and correct its former adjudications: George's App., 12 Pa. 260; Johnson's App., 114 Pa. 132.

The filing of a joint account is not a continuing obligation which remains fixed without regard to subsequent circumstances: Young's App. 99 Pa. 74.

OPINION BY MR. JUSTICE FELL, July 21, 1898:

These appeals are by the same parties, and in the same estate, and may be considered together. The first appeal is from the order of the orphans' court setting aside the confirmation of the joint partial account of Nicholas Washburn and William Merrifield, executors of the will of Calvin Washburn, and permitting the executor of William Merrifield to file a separate account, and from the order dismissing the exceptions filed thereto. The proceeding was by petition and rule, but it was in substance a bill of review. The joint partial account was filed in October, 1876, and showed a balance of cash and uncollected assets in the possession of the executors. Before the confirmation of the account, one of the executors, William Merrifield, was stricken with paralysis, and he died in April, 1877. He had not taken an active part in the settlement of the estate, and had never had actual possession of any of the assets thereof. The surviving executor, from the time letters testamentary were granted until his death in 1887, had entire charge of the estate, and was reputed to be financially responsible. No steps were taken until August, 1894, to hold the estate of William Merrifield responsible for a devastavit by his co-executor. The power

of the court to allow a review is beyond doubt: Young's Appeal, 99 Pa. 74; Johnson's Appeal, 114 Pa. 132; Wilson's Appeal, 115 Pa. 95. Under the testimony offered there was no error in dismissing the exceptions to the separate account which it permitted to be filed.

The questions raised by the second appeal are whether the legacies to the appellants were charges on the real estate devised by the testator to his son Nicholas Washburn, and, if so, whether they were discharged by the sheriff's sale of the land, after the death of the devisee, under a judgment which had been obtained against him. The appellants are the daughter and granddaughter of the testator. He directed his executors to invest $5,000 in mortgages on real estate, and pay the income to his daughter for life, or at her option to invest this amount in real estate and secure to her the income thereof. At her death the principal sum invested or the real estate bought was to go to his granddaughter, to whom he also gave a legacy of $1,000, payable immediately after his death. The remainder of his estate, real and personal, after the payment and securing of all legacies, went to his son Nicholas, one of his executors. Two and a half years after Nicholas went into possession of the real estate which passed to him under the residuary clause of the will, it was sold by the sheriff under a judgment obtained against him. The learned judge of the orphans' court held that the legacies mentioned were charged upon the land, and that their liens had been divested by the sheriff's sale.

The exceptions to the rule that a sheriff's sale discharges liens created by deed or will were said in Stewartson v. Watts, 8 Watts, 392, to be (1) where liens are created by last wills and testaments as permanent provisions for wives and children; (2) where from the nature of the incumbrance it will not readily admit of valuation; (3) where it is plain they were intended to run with the land. In Hiester v. Green, 48 Pa. 96, it was said that under one or the other of these heads it was manifestly intended that every lien should fall which was to be saved, unless by statute, from the ordinary effects of a sheriff's sale. These exceptions to the rule have since been recognized in a number of cases, among them, Helfrich v. Weaver, 61 Pa. 385, Pierce v. Gardner, 83 Pa. 211, Bryan's Appeal, 101 Pa. 389, and Rohn v. Odenwelder, 162 Pa. 346, but they have not been extended.

The rule is that the liens of pecuniary legacies which are determinate in value are discharged by a sheriff's sale of the land under a judgment obtained against the devisee unless they were plainly intended by the testator to be continuing liens.

This case comes within none of the exceptions. If either legacy is a charge upon the land it is by implication only from the blending of the real and personal estate in the residuary clause. The will discloses no intention to secure by a continuing lien a permanent provision for either of the appellants. The legacies to them are specific, and are to be taken at once out of the testator's estate. That for the daughter is to be invested in bond and mortgage on real estate or in the purchase of real estate; that to the granddaughter is to be paid immediately. If these directions do not negative any implication of an intention to charge the land, a question which it is not necessary to consider, they certainly do not show an intention to create a continuing lien.

The decrees are affirmed at the cost of the appellants.