## Pennsylvania Trust Company *v.* Deininger (et al., Appellant).

Argued April 11, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Warren G. Light,* with him *C. J. Witmer,* for appellant.

*Eugene D. Siegrist,* for appellees.

OPINION BY MR. JUSTICE LINN, May 21, 1934:

The question is whether a sheriff's sale of a farm discharged the lien of certain legacies given by the will of Daniel Ulrich. The sale was on a judgment against the devisee, Harvey U. Deininger. The question arose in the distribution of the proceeds, which were paid into court. The purchaser was brought in as a party on a

rule to show cause,* after the appointment of an auditor
to make distribution. On exceptions to the auditor's
report, it was held that the legacies remained charged on
the land notwithstanding the sale. The purchaser has
appealed.

Harvey U. Deininger, the execution debtor, held the
farm under the terms of his grandfather's will, which,
we think, was correctly interpreted as follows by the
learned court below: "Daniel Ulrich died in 1877 and
by his Will gave the farm in question to his daughter
Catherine and her husband William Deininger, and the
survivor for life. After the death of the survivor the
farm was devised to their eldest son, Harvey U. Dein-
inger who was charged a sum to be fixed by an appraisal
and this appraisal value was then given to the children
of the said Catherine Deininger in equal shares payable
$500 annually without interest, the first payment to the
eldest son (who was given the farm) ; the next payment
to the next in age and so continued until each had re-
ceived $500 when payments again were to begin with the
eldest son and so rotate until the full consideration was
paid. The Will further provided that in the event of the
death of any of the children of the daughter Catherine
without issue, before receiving his or her share or any
part thereof out of the sum so appraised, then said share
or part not yet paid was to be equally divided to and
among the other children of the said Catherine, in equal
shares, or their legal representatives. The testator fur-
ther provided that the sum so appraised and charged to

---

* In his answer to the rule he stated: "Your respondent further,
by way of answer, suggests that he is willing to abide by the Order
of the Court on the Rule, and do as the Court may direct, with ref-
erence to his appearance before the Auditor, believing that by so
doing, there can be a multiplicity of actions avoided for the deter-
mination of the questions at issue between the petitioners and the
said Jacob Brandt, as to whether the Sheriff's Sale worked a di-
vestiture of the legacies charged under the Will of Daniel Ulrich,
deceased, as set forth in the Affidavits of Controversy."

be paid 'shall be and remain in lien on said plantation No. 3 until the whole is paid.' "

The life tenants, Catherine and William, left surviving five children, Harvey U., William, Daniel M., Clarence H. and Jennie S., one of whom died intestate and without issue, before the sheriff's sale. Since the sale, Harvey has died and his executor has been substituted. In 1922 the farm was appraised at $16,012.50 and Harvey U. Deininger elected to take the farm at that figure, and by appropriate order of the orphans' court it was adjudged to him "upon the terms of the will of Daniel Ulrich."

While, generally, liens of pecuniary legacies, determinate in value, are discharged by sheriff's sale of the land on a judgment against the devisee, certain exceptions, necessary to carry out the intentions of a testator, or grantor, have been developed and applied. In Washburn's Est., 187 Pa. 162, 165, 40 A. 979, the subject was considered and we said: "The exceptions to the rule that a sheriff's sale discharged liens created by deed or will were said in Stewartson v. Watts, 8 Watts, 392, to be (1) where liens are created by last wills and testaments as permanent provisions for wives and children; (2) where from the nature of the encumbrance it will not readily admit of valuation; (3) where it is plain they were intended to run with the land. In Hiester v. Green, 48 Pa. 96, it was said that under one or the other of these heads it was manifestly intended that every lien should fall which was to be saved, unless by statute, from the ordinary effects of a sheriff's sale. These exceptions to the rule have since been recognized in a number of cases, among them, Helfrich v. Weaver, 61 Pa. 385, Pierce v. Gardner, 83 Pa. 211, Bryan's App., 101 Pa. 389, and Rohn v. Odenwelder, 162 Pa. 346, but they have not been extended."

Was the charge imposed by testator within the general rule or within any of the exceptions? We think that he intended to charge the payment of the legacies on the

land; that the obligation to make annual payments of $500 each, which he required the devisee to assume, was intended, not alone to ease the burden of paying for the farm, but also to benefit the children of the life tenant over a period of years, if they survived, instead of placing in their hands at once the total given; that, by following the specific imposition of a charge with the words "which sum so appraised and charged to be paid shall be and remain in lien on the said plantation No. 3, until the whole is paid," he disclosed quite plainly that the charge should stand in the title (DeWalt's App., 20 Pa. 236; Helfrich v. Weaver, 61 Pa. 385, 390), as awarded by the orphans' court. We also agree with the conclusion, reached below, that the uncertain amount which any surviving grandchild may take, Wheaton Coal Co. v. Harris, 288 Pa. 294, 135 A. 637, liable, as it is, to be increased by the death of another grandchild, without issue, i. e., children, brings the legacies within the exception saving from discharge the lien of legacies not readily subject to valuation.

Though it has nothing to do with our conclusion, we may add, in view of a part of appellant's argument, that ample notice of the legatees' claims to lien was given at the sale.

There is a suggestion in appellant's argument that the will transgressed the rule against perpetuities. As this question was not raised below, and as it is not clear that the facts necessary to pass on it are in the record, we need not now consider it.

The order appealed from is affirmed, costs to be paid out of the fund for distribution.