## John W. Scott's Assigned Estate. Joseph D. Scott's Appeal.

*Assignment for creditors—Sale by assignee—Resale.*

An assignee for the benefit of creditors sold real estate of the assignor. Subsequently he presented a petition for a rule on the purchaser to show cause why the property should not be resold because of failure to pay the purchase money. The purchaser filed an answer averring that the deed tendered contained a reservation, and did not include all of the land sold. Depositions were taken under the rule, the rule was discharged and the assignee was directed to convey without the reservation. Subsequently the assignee presented a second petition in which he averred that he had tendered a deed in compliance with the order of the court, and demanded the payment of the purchase money less $40.00 paid at the time of the sale, and that the purchaser had refused to accept the deed and pay the money. To this petition no answer was filed, and a resale was ordered. So far as the record disclosed, the only objection ever made to a resale was that made to the first deed tendered. Upon the argument in the Supreme Court it was urged that the purchaser had not been credited with the full amount which he had paid. Two receipts, signed by the assignee, appeared by the record attached to the depositions, one for $40.00 at the time of the sale, the other dated later for " one hundred and ten dollars for money paid on property which I sold to him." It was denied by counsel for the appellee that these receipts were ever before the court, or that the question of the payment of more than $40.00 had ever before been raised. *Held*, (1) that the Supreme Court could only consider the case upon the record as it appeared; (2) that the amount of payment did not appear to have been an issue in the court below; (3) that the form of the receipt did not indicate that it was given for a payment made on account of the land sold; (4) that the order of resale must stand.

Argued April 20, 1896. Appeal, No. 22, July T., 1894, by Joseph D. Scott, from order of C. P. Huntingdon Co., directing resale of land. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule upon purchaser at assignee's sale to show cause why resale should not be ordered.

The facts appear by the opinion of the Supreme Court.

The receipts referred to in the opinion as attached to the depositions, are as follows :

$——                                             April 23, 1891.

Received from Mrs. Susan J. Scott Forty Dollars being the per cent. of sale of house sold her this day for $40.00.

ISAAC TAYLOR,

No.——                              Assignee of John W. Scott.

$110.                                        Oct. 12th, 1891.

Received from J. D. Scott One Hundred and ten dollars for money paid on property which I sold to him.

No.——                          ISAAC TAYLOR, Assignee.

The property was bid off by Susan J. Scott, but the sale was confirmed by Susan's consent to Joseph D. Scott.

*Error assigned* was in making absolute a rule for resale.

*H. W. Petrikin*, for appellant, cited: Ex parte Morton, 3 Wharton, 170 ; Walker v. France, 112 Pa. 203.

*H. C. Madden*, *M. M. McNeil* with him, for appellee, cited : Building Assn. v. Goldbeck, 16 Phila. 70 ; Jacoby v. Stettler, 2 Cent. 607.

OPINION BY MR. JUSTICE FELL, May 28, 1896 :

The assignments of error relate to the order of the court revoking the confirmation of a sale of real estate made to the appellant by an assignee for the benefit of creditors and directing a resale of the property. The order was properly made if the appellant was in default in not complying with the terms of the sale. As the case is presented we are not able to determine with certainty upon what evidence the order was based. The first sale was confirmed February 13, 1893. On September 11, 1893, upon the petition of the assignee, a rule was granted on the purchaser to show cause why the property should not be resold because of his failure to pay the purchase money. In the answer to this petition it is alleged that the deed tendered con-

tained a reservation and did not include all of the land sold. Depositions were taken under the rule, and on January 19, 1894, the rule was discharged and the assignee was directed to convey without the reservation. The assignee presented a second petition on February 2, 1894, in which he stated that he had tendered a deed in compliance with the order of the court, and demanded the payment of the purchase money less $40.00 paid at the time of the sale, and that the purchaser had refused to accept the deed and pay the money. To this petition no answer was filed, and a resale was ordered on February 21. So far as the record discloses the only objection to a resale made at any time by the appellant was in his answer to the first petition, and that was on the ground of the reservation in the deed tendered.

Upon the argument here it was urged that the order of resale was improperly made because the appellant had not been cred-ited with the full amount which he had paid to the assignee, and our attention has been called to two receipts which appear as exhibits attached to the depositions taken in support of the first rule. One of these is for $40.00, dated April 23, 1891, "being the per cent of sale of house sold;" the other is dated October 12, 1891, for "one hundred and ten dollars for money paid on property which I sold to him." It is denied by counsel for the appellee that the receipts were produced upon the hearing of the rule or were ever before the court or that the question of the payment of more than $40.00 had ever before been raised. The conflicting statements of counsel in their printed and oral arguments are not an aid to us in reaching a conclusion. We must consider the case upon the record as it appears. The first petition contains a statement that $40.00 had been paid. The answer raises no question as to the amount of the payment. In the depositions taken the assignee testified to the payment of $40.00, and there is no denial that that was all that was paid. The amount of payment does not appear to have been an issue between the parties at any time. The form of the second receipt does not indicate that it was given for a payment made on account of the land sold, and its amount does not correspond with the amount of any payment required by the terms of sale. It is alleged in the second petition that a demand had been made for the purchase money less $40.00. To this petition no answer was made, and although the time was ex

tended by consent of the parties, upon the final hearing no objection was raised to the amount claimed to be due and no demand made for the return of the money paid.  From all this record we must conclude that the question of the amount of the payment was not raised in the common pleas.  If raised there it was decided upon proofs which are not before us.  In either event the order must stand.

The decrees appealed from are affirmed at the cost of the appellant.