Cyrus K. Lutz *v.* Mary Kegerreis and her Husband, Henry Kegerreis, Appellants.

*Assignment for creditors—Sale by assignee—Summary possession.*

The act of February 17, 1876, P. L. 4, provides a more expeditious method than formerly existed for putting a purchaser of real estate at a valid assignee's sale into the possession held by the assignor at the time of the assignment. It is not intended as a substitute for an action of ejectment. It gives the court no power to determine the validity of an adverse title to the land,; but as against the assignor and those holding under him it enables the court to give effect to the deed of assignment by requiring the assignor or any person representing him to surrender the possession to the purchaser at the assignee's sale.

Argued May 19, 1896. Appeal, No. 88, July T., 1895, by respondents, from decree of C. P., Lancaster Co., Trust Book No. 15, page 136, ordering the sheriff to deliver forthwith possession of certain real estate to Lutz, the purchaser from the assignee of the respondent. The said real estate being in possession of said assignors in right of ownership claimed by the wife, one of the appellants. Before WILLIAMS, GREEN, MC-COLLUM, MITCHELL and FELL, JJ. Affirmed with modifications.

Rule to show cause why possession of property sold by the assignee for benefit of creditors for $3,765.01 should not be surrendered to the assignee's vendee.

The case came up on petition of purchaser and answer, and after due hearing the rule was made absolute and the decree entered directing the sheriff to deliver possession to the assignee's vendee. The petition set forth the particulars of the sale by the assignee by virtue of a deed of voluntary assignment by Henry Kegerreis and wife for benefit of creditors ; that the terms of the sale were complied with, deed executed and delivered ; that said Kegerreis was in possession of the premises and had been so in possession before and since the sale, and that he refused to deliver possession of the same to the petitioner who was the assignee's vendee, and the prayer was for a rule to show cause why the possession of the said premises should not be surrendered to the petitioner.

The answer denied the jurisdiction of the court; alleged that the deed contained a distinct reservation of the separate estate of the wife, and claimed that the real estate in question was a separate estate of the wife in her own right, acquired by her by means apart from her husband before the deed of assignment was made; and that written public notice of her claim of ownership was given before the bidding commenced. The answer further denied the right of the court to summarily dispossess the appellants of said real estate, and alleged that it was their right to have the question of possession and title passed upon by the court and jury in the ordinary well known action of ejectment which is suited for the purpose. The court made the rule absolute.

*Errors assigned* were (1) in not dismissing appellants' petition for want of jurisdiction; (2) in passing on the question of title at all; (3) in holding that the purchaser had complied with the terms of sale; (4) in not holding that the purchaser's only remedy was to bring an action of ejectment; (5) in forcing a trial of this case without a jury and with undue haste, without giving appellants time to prepare their case; (6) in holding that it was not until the act of May 24, 1893, P. L. 128, that the court was empowered to decree and approve a private sale, or confirm a private sale returned under an order for a public sale, with the same force and effect as a public sale under the act of 1876; that is in discharge of liens; (7) in making the decree in this case.

*Wm. R. Wilson,* for appellants :—The proceedings and decree of court have neither statute nor common law to support them : Fulton's Estate, 51 Pa. 204; Spackman v. Ott, 65 Pa. 131; Vandyke v. Christ, 7 W. & S. 373. The evidence discloses that the wife, having furnished the purchase money for the land claimed by her, a trust in her favor was established : Myers v. Leas, 101 Pa. 172; Fillman v. Divers, 31 Pa. 429; Peiffer v. Lytle, 58 Pa. 386; Young v. Senft, 153 Pa. 352. Appellants' case is made stronger than the recent case of Miller v. Baker, 160 Pa. 172; Campe v. Horne, 158 Pa. 508. It has always been held that the husband's possession in such a case is not a circumstance indicative of fraud : Barncord v. Kuhn, 36 Pa.

383.  Lutz as a judgment creditor had only the rights of his debtor: Miller v. Baker, 160 Pa. 172.

*J. Hay Brown* and *A. J. Eberly, W. U. Hensel* with them, for appellee:—Under the act of February 17, 1876, a sale by an assignee will practically amount to nothing unless his vendee can obtain possession of the property sold.

PER CURIAM, May 28, 1896 :

The act of February 17, 1876, provides a more expeditious method than formerly existed for putting a purchaser of real estate at a valid sale by an assignee into the possession held by the assignor, at the time of the assignment. It is not intended as a substitute for an action of ejectment. It gives the court no power to determine the validity of an adverse title to the land. But, as against the assignor and those holding under him, it enables the court to give effect to the deed of assignment by requiring the assignor or any person representing him to surrender the possession to the purchaser at the assignee's sale. It is not denied that the petitioner is such a purchaser. Kegerreis and his wife joined in the deed to the assignee. The title stands and has stood for years in the name of the husband. If Mrs. Kegerreis holds an adverse title to the land, whether under a resulting trust arising at the inception of her husband's title or otherwise, this decree does not affect her in any manner so far as such adverse title is concerned. If the land belonged to her husband, as the record would indicate, then her right of dower passed by her deed to the assignee, but her separate estates are excepted from the deed in express terms. She may bring her action of ejectment on her adverse title notwithstanding the deed. The decree is affirmed, adding thereto the words, " this decree is without prejudice to the right of Mary Kegerreis to assert any adverse title to the land which she may have against the petitioner in any appropriate manner."