In the Matter of the Assigned Estate of John W. Scott. Appeal of Joseph D. Scott.

*Assignee's sale—Proceedings for summary possession—Act of 1876.*

An order for a resale of property sold by an assignee for creditors having been made, it is no defense to a summary action by the assignee's vendee to recover possession under the Act of February 17, 1876, P. L. 4, for the terre-tenant to set up an alleged equitable title based upon possession secured under the former sale which had been set aside, on which it was alleged that a part of the purchase money paid by terre-tenant had not been returned.

Argued March 16, 1897. Appeal, No. 42, March T., 1897, by Joseph D. Scott, from definitive decree of C. P. Huntingdon Co., directing delivery of possession of property sold by assignee for benefit of creditors. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Proceedings under third section of the act of February 17, 1876, for recovery of possession of land sold by the assignee for benefit of creditors. Before LONGENECKER, P. J., of the 16th judicial district specially presiding.

568    SCOTT'S ESTATE. SCOTT'S APPEAL.

Statement of Facts—Opinion of the Court.    [4 Pa. Superior Ct.

John W. Scott made an assignment for the benefit of creditors in August, 1890, to Isaac Taylor. On the 23d of April, 1891, the assignee sold to Susan J. Scott certain real estate belonging to the assigned estate and delivered possession of the same. In 1893, Taylor was discharged from the trust and George W. Reed appointed assignee.

The assignee, Reed, tendered the deed to Joseph D. Scott, to whom the previous sale had been confirmed, demanding, however, the entire amount of purchase money with interest, to wit, $485. On February 21, 1894, the confirmation of the sale was revoked and sale set aside and resale ordered: Scott's Appeal, 176 Pa. 49.

On March 21, 1894, the premises confirmed to Joseph D. Scott, together with two adjoining tracts were sold to J. A. McClain, which sale was confirmed. In October, 1896, J. A. McClain filed his petition for summary possession under the act of February 17, 1876.

The appellant, Joseph D. Scott, filed an answer alleging payment by him of a portion of the purchase money, and setting up an equitable title based upon the absence of any provision of the court for return of the purchase money by him as a condition precedent to the revocation of the sale to him and the confirmation of the sale to McClain.

The court below decreed delivery of possession as prayed for.

*Errors assigned* were (1) Entering the decree ordering delivery of possession; (2) in holding that the act of February 19, 1876, applied to the case; (3) in holding that the decree of the Supreme Court in Scott's Appeal, 176 Pa. 49, determined the rights of the parties, in the proceeding.

*H. W. Petrikin*, for appellant.

*W. H. Woods*, with him *J. S. Woods* and *K. A. Lovell*, for appellee.

OPINION BY SMITH, J., April 19, 1897:

This proceeding was instituted under the third section of the act of February 17, 1876, for the purpose of enabling the purchaser of real estate from an assignee for the benefit of creditors to obtain possession. The sale of the property by the

assignee under an order of the court of common pleas and its due confirmation are admitted.   The purchaser having fully complied with the terms of the sale and received his deed, demanded possession of the premises which the appellant refused to surrender, whereupon this action was begun and, after hearing, the court ordered that possession be given to the purchaser.

The appellant, who secured possession under a sale by a former assignee, which was afterward set aside by the court because the terms had not been complied with, resists this proceeding on the .ground that having paid part of the purchase money before his purchase was annulled, and which has not been refunded, he thereby acquired an equitable right to the property, and therefore contends that under the circumstances the proceeding under the statute cannot be maintained, and that the appellee should be remitted to his action of ejectment.   In view of the fact that the decrees of the court below setting aside the sale to the appellant and directing a resale of the property, were both affirmed by the Supreme Court (Scott's Appeal, 176 Pa. 49), it would seem idle to argue that the statutory remedy does not apply here.   The appellant's possession, so far as disclosed by the record, was based on an inchoate title and upon its annulment his right of occupancy ceased.   Nothing further was offered in support of his claim or to defeat the purchaser's right to secure possession through this proceeding.

The third section of the act of 1876, is designed to enable purchasers of real estate from assignees to get possession without undue delay.   Its purpose is to give effect to deeds of assignment by empowering the courts to order that possession be given to purchasers who have complied with the terms of sale; but the proceeding under it does not involve or affect the title to the land: Lutz v. Kegerreis, 176 Pa. 164.   The appellant's claim to possession being based on a proceeding founded upon the same deed of assignment under which the appellee acquired title, the court below correctly held that such possession was within the purview of the enactment.

The assignments are overruled and the decree is affirmed, the costs to be paid by the appellant.