## McFarlin *v.* Lehder.

*Deed of separation—Assignment for creditors—Notice.*

Where a wife is in possession of real estate belonging to her husband under articles of separation in which the husband covenants to permit his wife to occupy the premises during her natural life without payment of rent, the wife cannot be dispossessed of the premises under the Act of February 17, 1876, P. L. 4, by the purchase of the husband's interest at a sale by an assignee for creditors, when the assignment by the husband was made subsequent to the articles of separation, and the wife did not join in the deed of assignment, and both the assignee for creditors and the purchaser at the assignee's sale had full knowledge of the deed of separation, and the character of the wife's possession.

Argued Oct. 16, 1900. Appeal, No. 211, Oct. T., 1900, by defendant, from order of C. P. Blair Co., June T., 1900, No. 26, making absolute a rule to show cause why writ of possession should not be issued to deliver real estate in possession of Mrs. Emma Lehder to D. M. McFarlin, purchaser at her husband's assignee's sale. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Rule to show cause why writ of possession should not be issued.

The facts appear by the opinion of the Superior Court.

The court below in an opinion by BELL, P. J., made the rule absolute.

*Error assigned* was the order of the court.

*Thomas H. Greevy*, for appellant.—An assignee is not a purchaser: Kepler v. Erie Dime Savings & Loan Co., 101 Pa. 604; Trickett's Law of Assignments, 127, sec. 114.

A life estate is not such a lien or incumbrance as is contemplated by the act of February 17, 1876, and cannot be discharged or destroyed by an assignee's sale.

The case of Bonebrake v. Summers, 8 Pa. Superior Ct. 55, decides this case in favor of Mrs. Lehder.

*H. A. Davis*, for appellee, cited: Lutz v. Kegerreis, 176 Pa. 164; Scott's App., 4 Pa. Superior Ct. 567.

OPINION BY ORLADY, J., July 25, 1901:

This case was disposed of by the court below on petition and answer, and from the record it appears that, owing to difficulties between them, Mrs. Emma Lehder and her husband executed articles of separation on September 23, 1898, by which the husband was to pay the wife $180 per year for the support of herself and two children aged eleven and thirteen years. The articles of separation contained the following clause: "He does further hereby covenant, promise, and agree with his said wife that he shall and will during her natural life allow her to remain in the house they now occupy, being house No. 308, Fourth avenue, in the city of Altoona, discharged and exempt from the payment of any rent; provided, nevertheless, and with the express condition that she, the said Emma Lehder, shall or will not let or sublet any part of it, except for the purpose of keeping boarders or roomers; and such boarders or roomers to be only such people whose character and reputation are above reproach, for the purpose of keeping said children in good, healthy and moral surroundings."

Samuel I. Stoner, Esq., prepared the articles of separation, was named as trustee therein, and accepted the trust by placing the deed on record. On October 21, 1899, M. E. Lehder, the husband, executed and delivered a voluntary deed of assignment, in which the wife did not join, to Samuel I. Stone, Esq., for the benefit of creditors, who, under an order of court, on March 2, 1900, sold the premises No. 308, Fourth avenue, in the city of Altoona to D. M. McFarlin, which sale was duly confirmed. On July 23, 1900, the purchaser presented his petition to the court for a rule on Mrs. Emma Lehder to show cause why she should not surrender possession of the said premises as provided by the Act of February 17, 1876, P. L. 4. After an answer was filed and a hearing had, the court made the rule absolute, "without prejudice to the right of Mrs. Emma Lehder to assert any adverse title to the land which she may have against the petitioner in any appropriate manner." The consideration for the articles of separation is not questioned, and the wife was in exclusive possession of the premises when the deed of assignment was executed under a title which was adverse to her husband. She was not holding under him but by virtue of the performance of conditions which are not al-

leged to have been broken or violated in any manner. The trustee under the articles of separation well knew the terms, as he prepared and placed her title on record before the sale by him as assignee. The purchaser was well aware of the circumstances before he purchased the premises, and the assignee sold only such title as M. E. Lehder had at the date of his assignment to Stoner. The title of Mrs. Lehder was not affected by the assignee's sale, nor did the creditors of the husband seek to affect it. Had the land been sold under judicial proceedings based on liens prior to the investiture of her title she could not complain because they were in a position to sell the whole title. But, as in Bonebrake v. Summers, 8 Pa. Superior Ct. 55, instead of doing this, however, they allowed themselves by their acquiescence in the petition of the assignee for the sale of Smith's (Lehder's) estate, to be confined for the time being at least to the proceeds of that sale for the payment of their liens, which was affirmed by the Supreme Court in 193 Pa. 25. No creditor is objecting, and, as before stated, the purchaser knew of the character of Mrs. Lehder's estate when he purchased. It is not material by whatever technical name her estate may be described since it is treated by the appellee as equivalent to a life estate though dependent upon conditional limitations. The husband and wife were free to make the contract of separation and the terms and conditions stated therein were reasonable and possible of performance.

Parties may, by clear and express words in deeds of conveyance, create liens upon land either for purchase money or for the performance of collateral conditions, which will be binding between the parties and their privies, and such liens will be divested by subsequent sheriff's sales unless they are in the nature of testamentary provisions for wives and children, or are capable of valuation, or are expressly created to run with the land: Hiester v. Green, 48 Pa. 101; Rohn v. Odenwelder, 162 Pa. 346; Ringrose v. Ringrose, 170 Pa. 593; Fair Hope, etc., Brick Co.'s Assigned Estate, 183 Pa. 96; Washburn's Estate, 187 Pa. 165.

It cannot be questioned that the intention of the parties was that the conditions imposed in the articles of separation should run with the land, and this construction was so recognized by the sole and adverse possession of Mrs. Lehder, of which both

the assignee and purchaser had full knowledge at the time of the assignee's sale. The petitioner is not a good faith purchaser at a judicial sale who has been misled or has not been fairly put upon inquiry as to the extent of the title he secured. The fact that the party resisting is the wife of an insolvent debtor is not material. The integrity of her contract with her husband is not in any manner questioned or assailed.

The purpose of the Act of February 17, 1876, P. L. 4, is stated in its title,—" To enable assignee for the benefit of creditors to make sales of real estate unincumbered by liens,"—and in its preamble. The object to be obtained was to secure advantageous prices for unincumbered titles. It could not increase nor diminish the estate of the assignor, and the interest of Mrs. Lehder in this real estate did not pass under the deed of assignment to Stoner. The act of February 17, 1876, provides a more expeditious method than formerly existed for putting a purchaser of real estate at a valid sale by the assignee into the possession held by the assignor at the time of the assignment. It was not intended as a substitute for an action of ejectment. It gives the court no power to determine the validity of an adverse title to the land: Lutz v. Kegerreis, 176 Pa. 164. The assignee could sell only the quantum of title which passed to him by the deed of assignment, and in conveying to a purchaser under an order of court to sell for the payment of debts, nothing was gained over a direct conveyance from the assignor, except that by virtue of the statute and order of court, the sale after being confirmed by said court, shall discharge all liens against the real estate so sold, etc. See Mills v. Ritter, 197 Pa. 353. It is but slight protection to her estate to direct that she surrender possession of the premises and bring ejectment against the purchaser of her husband's interest. The validity of her title and her right of possession may be determined by the purchaser bringing the same action against her. We say nothing of the liens preceeding the deed of separation, as the case was disposed of on petition and answer, and the record does not disclose whether or not there were liens at that time.

The decree of the court below is reversed and the record remitted for further proceedings.

BEAVER, J., dissenting:

As was said by our Brother SMITH in Scott's Estate, 4 Pa. Superior Ct. 567, "the third section of the act of 1878 is designed to enable purchasers of real estate from assignees to get possession, without undue delay. Its purpose is to give effect to deeds of assignment by empowering the courts to order that possession be given to purchasers who have complied with the terms of the sale, but the proceeding under it does not involve or affect the title to the land: Lutz v. Kegerreis, 176 Pa. 164." The terms of the act are very broad and specific. The object of it was undoubtedly to enable the assignee to secure a better price for property sold by him, in the interest of creditors. The claim of the wife in the case of Lutz v. Kegerreis, supra, was wholly adverse to the title of her husband, the assignor, her allegation being that she had paid the purchase money for the land in controversy and that there was, therefore, a resulting trust for her benefit. This case has not been in any way questioned by the later case of Mills v. Ritter, 197. Pa. 353, which decides that "a sale by an assignee of the assignor's real estate, under an order of court awarded in pursuance of the act of February 17, 1878, does not pass a title freed from the incipient or contingent dower of the assignor's wife, if she did not join in the deed of assignment." The section of the act under which the petitioner proceeds in this case was not under consideration there. The inchoate right of dower cannot, of course, be asserted, until it becomes an actual interest or estate in the land at the death of the husband. Whatever title the wife took by the articles of separation can be asserted in any proper proceeding, notwithstanding the decree of the court below giving the purchaser at the assignee's sale present possession. Her right of dower can also be asserted after the death of her husband, if she should survive him, if such right accrues to her by reason of the fact that she did not join in the deed of assignment.

It is stated in the opinion of the court that "in the present instance it was alleged at the argument and not denied that the premises in question were heavily incumbered by liens still subsisting unpaid at the time of the assignment when the husband, Mr. Lehder, entered into said agreement with his wife. Mrs. Lehder does not aver that she had any separate es-

tate; her title rests wholly on a gift from her husband." Although this portion of the opinion of the court is assigned for error, the facts therein contained are not denied and no comment is made thereon in the appellant's argument. The case of Bonebrake v. Summers, 8 Pa. Superior Ct. 55, subsequently affirmed in 193 Pa. 22, is cited as authority for the proposition that, even if the facts were as stated by the court, the so-called life estate would not be divested; but in Bonebrake v. Summers the reservation was not in the deed of the assignor but of his grantor. If the grantor's interest had been sold, there would be no question but that the incumbrance created by the reservation in the deed would have been divested by the sale. The proceedings relating to the assignee's sale are not in evidence and are not included in the record in this case, and we are, therefore, unable to say whether or not the sale by the assignee divested the liens against the estate conveyed to him under the provisions of the act of 1876. If it did, the case would be clear of all difficulty upon grounds other than those hereinbefore stated.

I would, therefore, affirm the judgment of the court below.