# Helfrich *versus* Obermyer.

15　113
197　357

A voluntary assignment for the benefit of creditors, by the husband alone, and the subsequent sale and conveyance by his assignees, does not divest his wife's right of dower in the land assigned.

ERROR to the Common Pleas of *Union county*.

This was an action of dower, brought by Elizabeth Obermyer against Josiah Helfrich, to recover dower out of a tract of land in Beaver township, which was once the property of her late husband, Michael Obermyer, now deceased.

The only question raised by the case stated was, whether Josiah Helfrich held the land discharged from Elizabeth Obermyer's right of dower; or, in other words, whether a sale of land by an assignee under a voluntary assignment for the benefit of creditors, divests the right of dower of the wife, after the death of the assignor?

A case stated was agreed upon.

It is agreed by the parties in the above case to submit it to the court on the following statement of facts, in the nature of a special verdict, reserving the right to either party to remove the case to the Supreme Court by writ of error.

The plaintiff, Elizabeth Obermyer, was duly married to Michael Obermyer, now deceased, about the year ——, and continued to be his lawful wife until some time in the year 1848, when he, the said Michael, died intestate. Previous to the 18th November, 1842,

[Helfrich *v.* Obermyer.]

the said Michael became seised of a certain tract of land, situate in Beaver township, in said county, adjoining lands of Daniel Zeiber and others, containing 114 acres and 120 perches, strict measure. On the aforesaid 18th November, 1842, and during the continuance of the coverture of the said Elizabeth, the said Michael Obermyer executed an assignment of all his estate, both real and personal, to George Miller and Adam Smith, in trust for the benefit of his creditors, (*prout* said assignment,) which assignment was duly acknowledged and recorded according to law, on the 30th November, 1842. The said George Miller and Adam Smith accepted the trust conferred by said assignment, and on the 16th December, 1842, filed in the prothonotary's office a bond duly executed and approved of, conditioned for the faithful execution of the trust, together with an inventory of the lands, goods, &c., of the said Michael Obermyer, including the aforesaid tract of land.

In execution of the said trust, the said George Miller and Adam Smith, sold the said tract of land to Elias Aurand, in consideration of $2115, and executed and delivered to the said Aurand a deed therefor, dated the 12th of March, 1845. On the 19th day of February, 1846, the said George Miller and Adam Smith, as assignees aforesaid, exhibited in the prothonotary's office an account of their trust, in which they have charged themselves with the amount of the inventory. Exceptions were filed to said account, and thereupon the court referred it to an auditor, who made a report, which was read and confirmed *nisi* on the 14th December, 1846. On the 14th December, 1848, George Miller, one of the said assignees, exhibited in the prothonotary's office a final account of said trust, which became absolutely confirmed on the 19th of February, 1849.

After the purchase of the said tract of land as aforesaid, the said Aurand, together with Esther, his wife, on the 10th November, 1845, conveyed the same to Daniel Swaager, who, together with his wife Elizabeth, on the 19th day of May, 1848, conveyed the same to Josiah Helfrich, the defendant in the above stated action, and who is now in possession.

Now, if, from the foregoing state of facts, the court shall be of opinion that the said Elizabeth Obermyer is entitled to dower in the land described, then judgment to be entered for the plaintiff; but if they should be of opinion that her dower has been divested, then judgment to be entered for the defendant.

The court below rendered judgment on the case stated, for the plaintiff.

Error was assigned to the entry of judgment.

*Slenker*, for Helfrich, plaintiff in error.—In Pennsylvania, lands

[Helfrich *v.* Obermyer.]

have always been held as chattels for the payment of debts: Andrew *v.* Fleming, 2 *Dall.* 94.

A sale on a judgment on a mortgage divests the widow's right to dower: Killinger *v.* Smith, 6 *Ser. & R.* 534.

Dower is barred by a sale under a *lev. fa.* on a mortgage executed by the husband alone, after marriage: Scott *v.* Crosdale, 2 *Dall.* 127; 1 *Yeates* 75.

So, by a sale of mortgaged land by executors for payment of debts, under a power in the will, and with consent of mortgagee: Howel *v.* Lacock, cited in 2 *Dall.* 128; 1 *Yeates* 75; 4 *Dall.* 301, in note.

"When a trust is for the payment of debts generally, the purchaser is not bound to see to the application of the purchase-money, although he has notice of the debt:" DUNCAN, J., Grant *v.* Hook, 13 *Ser. & R.* 262. See also Cadbury *v.* Duval, 10 *Barr* 265.

Sales by trustees partake so much of the nature of judicial sales as to require them to be public: McCreery *v.* Hamlin, 7 *Barr* 88.

A sale under a testamentary power, for payment of debts, discharges the land from the dower of the testator's widow: Mitchell *v.* Mitchell, 8 *Barr* 126. See also Hannum *v.* Spear, 1 *Yeates* 553; 2 *Dall.* 293.

Act of 14th June, 1836, *Purd.* 7th ed. 85, sections 1, 2, 5, 6, 7, and 9.

Act of 24th March, 1818, 7 *Smith's Laws* 131.

Act of 14th April, 1828, *Pamphlet Laws* 453.

*Woods* and *Miller*, for defendant in error.

The opinion of the court was delivered July 29, by

GIBSON, C. J.—Land is a chattel for payment of debts only when the law has made it a fund for that purpose. It then has undergone a species of conversion, so far as may be necessary to the purpose of satisfaction, which extinguishes every derivative interest in it which cannot consist with the qualities it has been made to assume. Thus, a judgment, or a mortgage, binds it and converts it; and it is seized as personal property on a *fieri facias*, which commands the sheriff to levy the debt off the defendant's goods and chattels. We readily comprehend how a sale on a judgment, a mortgage, or an order of the Orphans' Court, passes the land freed from dower; but the reason is not so obvious why a sale under a testamentary power, created in good faith, for the benefit of creditors, should do so. It is because the law makes a decedent's land a fund for payment of his debts, by giving the creditors a lien on it, which might be enforced by judicial process, and would extinguish the widow's dower in it. It would come to the same thing in the end, and she is consequently not injured by a process substituted by the husband to produce exactly the same result.

[Helfrich *v.* Obermyer.]

But a sale without any species of legal constraint, whether immediate or remote, rests on a different foundation, and is attended with different. consequences.   Dower would be altogether insecure, if the husband might bar it by a voluntary sale, for payment of a debt, however small, even when incurred to serve for a pretext. For that reason, it was ruled in Eberle *v.* Fisher, 1 *Harris* 526, ᵃthat a husband's assignment in insolvency does not divest his wife's dower in the land, inasmuch as it was not, at the time, in the gripe of his creditors.   In the present case, the husband was free to do with it what he pleased, but always in subordination to the incipient estate of his wife.   Had he sold it himself, and paid his debts with the price of it, her dower would have remained in it; and his sale can have no other effect when made by the instrumentality of trustees appointed and empowered by him.

Judgment affirmed.