# Sharpless and Wife *versus* The Borough of West Chester.

1. The Act of March 23, 1839, entitled, "A supplement to an act, entitled a further supplement to an act, entitled an act to incorporate the town of West Chester into a borough, passed the 16th day of April, 1838," does not contravene the provision of the constitution, requiring compensation to be made or security given, before private property shall be taken for public use.

2. Where land devised since the Act of April 11, 1848, to a married woman, is sought to be taken for public use, a bond to secure the payment of the damages may be drawn in her favor, and tendered to her alone: her husband has no vested interest in the land till her death, and no tender of security to him is necessary.

ERROR to the Court of Common Pleas of *Chester county.*

EJECTMENT.—In 1849, the premises in question were, *inter alia,* devised to Mary D. Sharpless, one of the plaintiffs. About the 15th of June, 1854, the defendants entered and took possession of the premises, for the purpose of supplying West Chester with water from Chester creek. The erection of the necessary

VOL. I.—17

[Sharpless and wife *v.* The Borough of West Chester.]

fixtures was soon after commenced, and the water sometime after introduced into the town.   On the 27th of June, 1854, defendants tendered to Mary D. Sharpless alone, a bond in the sum of $10,000, with the satisfactory surety, as security for the damages she might sustain in consequence of the action of the borough. The bond was not accepted.   On the 31st of July, 1854, defendants presented a petition to the Court of Common Pleas of the county, reciting that the borough had located, and were about to construct, water-works on the premises in question, for the purpose before mentioned; that an effort had been made to agree with plaintiffs upon the compensation to be paid; referring to the supplements to the act incorporating the borough, of April 16, 1838, and March 23, 1839; and praying the court to award a *venire* to the sheriff, directing him to summon a jury to go upon the ground, and assess the damages done or to be done to the plaintiffs.   To this petition the plaintiffs objected, and filed a paper protesting that the court had no authority under the constitution and laws of the Commonwealth, to award a *venire* for the purpose specified.   The court the same day granted the petition, and a *venire* issued.   On the 5th of August, 1854, the jury assessed the damages done, or to be done, at $475.   On the 9th of August, plaintiffs appealed to the court from the report of the jury, and the appeal was pending at the trial of this action.   On the 5th of October, 1854, plaintiffs sued out this writ of ejectment.   On the trial, the plaintiffs proved their title, ouster by the defendants, and the possession of the latter, and closed. Defendants then offered in evidence the aforesaid bond.   The plaintiffs objected, but the court overruled the objection, and admitted the paper, and plaintiffs excepted.   Defendants then proved the tender of the bond to Mary D. Sharpless, and her refusal of it.   They next offered the aforesaid petition, to which plaintiffs objected: but it was admitted by the court, and the plaintiffs excepted.   Defendants also gave in evidence the aforesaid *venire* and the report of the jury assessing the damages, and called witnesses to prove that no more ground was taken than was needed, for the purpose of introducing the water of said creek into the borough, and then closed.

It was then agreed between the parties that the jury might retire, and the court deliver its opinion in the form of a charge, and judgment be entered as if upon verdict.

Plaintiffs thereupon submitted the following points:

1. That said Act of Assembly of March 23, 1839, contravenes the 4th section of 7th article of the Constitution of Pennsylvania, and is therefore null and void; and the verdict must be for the plaintiffs.

2. The proceedings instituted by the borough, and the bond tendered, are not authorized by either the said Act of April 16,

1838, or said Act of March 23, 1839, and do not in any way affect the rights of the plaintiffs in this suit.

3. The defendants having taken possession of the land in question, without paying the damages to be done, or tendering security for the same, the plaintiffs· are entitled to a verdict for such damages as were done by the trespass committed by the defendants, prior to the execution and tender of the bond, even if the Act of March 23, 1839, is determined to be constitutional, and the defendants have conformed to its provisions.

The court (HAINES, P. J.) declined so to charge, but charged that the Act of 1839 was constitutional; that even if said act did not require the constitutional restriction, yet it must be construed in subordination to the constitution; and if such a course was followed, as had been done in this case, as to insure to the party injured payment in the way marked out by that instrument, the proceedings could not be set aside for want of formality. That as to the third point, the damages had been assessed for the trespass therein set forth; and if they were insufficient, all injuries done, or which may be done, could be considered in the appeal which had been taken.

Judgment was thereupon entered for defendants, with the same effect as though by the verdict of a jury.

Plaintiffs took this writ of error, and assigned the admission of the evidence objected to, and the charge of the court, for error.

*Butler* and *Lewis*, for plaintiffs in error.

*Darlington*, for defendants in error.

The opinion of the court was delivered by

KNOX, J.—The Act of 23d March, 1839, under which the defendants claim the right to appropriate the property of the plaintiffs for public use, contains in its second section the following provision : "that the said borough of West Chester shall pay, or receive to be paid, all damages that may be caused directly or indirectly to private property, by virtue of the privileges hereby granted, in such manner as is provided in the fifth section of an act, entitled a further supplement to the act entitled an act to incorporate the town of West Chester into a borough, passed the 16th day of April, 1838."

The fifth section of the act referred to, makes no provision for the payment, or securing the payment of damages, but merely declares how the damages shall be ascertained.

It is alleged by the plaintiff in error, that the first mentioned act of assembly is unconstitutional, because it does not require

[Sharpless and wife *v.* The Borough of West Chester.]

compensation to be made, or adequate security to be given, before private property is taken for public use.

Where an act of assembly is susceptible of different constructions, the one in accordance with, and the other in violation of, the constitution, it is too plain for argument, that it is the duty of a court of justice to give to the act that construction which harmonizes with the constitution, for such is presumed to have been the legislative intent.

Now, the act in question provides, that "the borough shall pay, or secure to be paid, all damages that may be caused," &c. When shall it pay or secure the damages? The constitution says, "before the property is taken;" and as the Legislature did not give, or attempt to give, the power to take private property, before payment or security, the presumption is, that payment or security was to precede the act of taking; and, upon this presumption, the act was in conformity to the constitutional requisition. The reference to the Act of 1838, is simply for the purpose of pointing out the means by which the damages shall be ascertained, but the extent of the damages is governed by the Act of 1839, which act provides that all damages that "may be caused directly or indirectly," shall be paid or secured, including, of course, the damages that follow, as well as those that precede the assessment.

It is unnecessary to determine what would have been the effect, had the Act of 1839 contained no provision making it obligatory upon the borough to pay or secure the damages occasioned by its exercise of the right given to it by the legislature, to take private property for public use, as we are of opinion that the provision in the act required the damages to be paid or secured before the property was taken.

An objection was made to the admission of the bond in evidence, because it was drawn to the wife alone, without naming the husband. It is conceded that the property belonged to the wife, and that it was devised to her since the Act of 11th April, A. D. 1848. As Mary D. Sharpless might have maintained an action in her own name for damages done to her real estate, and as her husband's interest in her lands as tenant by the curtesy, although protected by the Act of 11th April, 1848, is not a vested interest until her death, it was unnecessary to include his name in the bond. The entire damages sustained can be recovered under the proceedings commenced for that purpose; and, therefore, the plaintiffs are neither entitled to recover the possession of the land in this action of ejectment, nor damages for the entry to survey and mark the same before the land was tendered.                    Judgment affirmed.

LEWIS, C. J., and BLACK, J., were absent during the argument.