## Losch's Appeal.

1. The owner of land is the person in whose name proceedings are to
be instituted to recover damages for land taken for a public street.

2. Such damages are a personal claim of the owner of the property
at the time the injury occurs, and do not run with the land or pass by a
deed thereof although not specially reserved. It is immaterial that the
deed is made after the damages have been assessed but before the ven-
dor's right of appeal has expired.

February 18th, 1885. Before MERCUR, C. J., GORDON, TRUN-
KEY and CLARK, JJ. PAXSON, STERRETT and GREEN, J. J.,
absent.

APPEAL from the Court of Common Pleas of *Lehigh county*:
Of January Term, 1885, No. 104.

Appeal of Constantine Losch from a decree of said court
striking from the record his appeal from the assessment of

[Losch's Appeal.]

damages made by viewers, in the matter of re-opening Linden street in the city of Allentown.

On the trial, before ALBRIGHT, P. J., the following facts appeared: On May 8th, 1882, on petition of the city authorities of Allentown, representing that the city had directed the opening of Linden street as located on the plan of the city, viewers to assess the damages were appointed who reported that John Losch, over whose land the street passed, would sustain no damages by its opening. Thereupon he filed exceptions, and on appeal from the report the exceptions were sustained. The city authorities again petitioned and other viewers were appointed, who on February 8th, 1883, assessed John Losch's damages at $900. On March 3d, 1883, the last mentioned report was confirmed unless exceptions should be filed in thirty days.

On March 20th, 1883, John Losch conveyed the lands over which the said street had been laid out, and for the taking of which said damages were awarded to John Losch, by a deed in the usual form to Constantine Losch; in it there was no mention of a reservation, nor of a transfer of the damages.

On March 21st, 1883, said Constantine Losch filed his appeal from said assessment of damages. Subsequently an issue was awarded. Constantine Losch as the use plaintiff filed a narr. averring said assessment to John Losch and said conveyance to him.

The plea by the city, defendant, set forth that the plaintiff cannot maintain his said action; that John Losch, who alone was interested, never appealed, and that said appeal by his vendee was ineffectual.

On September 22d, 1884, the court on defendant's motion granted a rule on plaintiff to show cause why the appeal of Constantine Losch should not be stricken off and the decree awarding the issue should not be revoked.

After argument the court made the following decree:—

"Now, October 20th, 1884, for reasons stated in foregoing opinion the appeal by Constantine Losch is stricken off the record and the order of the court . . . . . directing an issue is revoked."

Thereupon Constantine Losch took this appeal, assigning for error the said decree of the court.

*Dewalt* (with whom was *Henninger*), for appellant.— As the assessment of damages was not final when the deed from John to Constantine was given, and as possession of the land was not taken until after the conveyance, Constantine Losch had a right to appeal and request an issue; such issue was properly

granted by the court, and the order making it should not have been revoked: Meginnis *v.* Nunamaker, 14 P. F. S., 374.

By the deed from John Losch to Constantine Losch, Constantine took these premises subject to the city's right of way over it: Lehigh Street, Borough of Easton, Appeal, 32 P. F. S., 85 ; Cox *v.* Freedley, 9 Casey, 124, and Paul *v.* Carver, 2 Id., 223. The damages to be occasioned by the assertion and taking of that right were not determined when the conveyance was made, and it would seem by the authority in Lehigh Street, Borough of Easton's Appeal, that there was no reservation of undetermined damages in the vendor.

*R. E. Wright, Jr.* (with whom was *A. P. Crilly,* City Solicitor), for appellee.—The damages were the personal claim of John Losch, and did not run with the land or pass by his deed, although not reserved: Mumma *v.* Harrisburg, P., M. J. & L. R. R., 1 Pearson, 65 ; Schuylkill Nav. Co. *v.* Decker, 2 Watts, 343 ; McFadden *v.* Johnson, 22 P. F. S., 335 ; Schuylkill Nav. Co. *v.* Thoburn, 7 S. & R., 411 ; Schuylkill & Sus. Nav. Co. *v.* Decker, 2 Watts, 343 ; Zimmerman *v.* Union Canal Co., 1 W. & S., 346, followed; Blackiston's Appeal, 32 P. F. S., 339 ; Western Pa. R. R. Co. *v.* Johnston, 9 Id., 291 ; Lawrence's Appeal, 28 Id., 365.

The opinion of the Court was filed March 2d, 1885.

Per Curiam. The owner of land is the person in whose name proceedings are to be instituted to recover damages or compensation for land taken or injured by a railroad or canal company. The same rule applies in the case of public roads and streets: McFadden *v.* Johnson, 22 P. F. S., 335 ; Tenbrooke *v.* Jahke, 27 Id., 392. Damages being in the nature of a trespass for injury done to the land do not pass by a subsequent conveyance thereof. The damages were a personal claim of the owner when the injury occurred. They do not run with the land nor pass by the deed, although not specifically reserved.

Prior to the purchase by the appellant in this case the damages had not only been sustained, but had actually been assessed. The fact that a right of appeal existed, and the appellant purchased before the right of the vendor to appeal had expired, did not pass it to the appellant. It remained in the vendor as if he had not conveyed the land.

Decree affirmed and appeal dismissed at the costs of the appellants.