197        353
f  32 SC ¹536

## Mills v. Ritter.

*Assignment for creditors — Deed—Sale—Dower —Act of February* 17, 1876, *P. L.* 4.

In an assignment for creditors the assignor passes to the assignee only such estate or property as he himself could sell or dispose of, and, in the case of real estate, only such interest in it as he, if married, could convey without his wife's joining in the deed.

A sale by an assignee of the assignor's real estate under an order of court, awarded in pursuance of the act of February 17, 1876, does not pass a title free from the incipient or contingent dower of the assignor's wife, if she did not join in the deed of assignment.

McCOLLUM and MITCHELL, JJ., dissent.

Argued April 25, 1899.   Reargued April 23, 1900.   Appeal, No. 425, Jan. T., 1898, by plaintiff, from judgment of C. P. Cumberland Co., Nov. T., 1898, No. 100, on case stated in suit of George Edward Mills, Assignee of C. D. Cameron, v. Ella N. Ritter.   Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ., on reargument.   Affirmed.

Case stated to determine liability on a note.

The case stated was as follows:

On February 21, 1898, C. D. Cameron executed a deed of voluntary assignment for the benefit of his creditors, to George Edward Mills, the deed being recorded the same day.   The said deed conveyed to the said assignee all of the real estate of the said C. D. Cameron, consisting, inter alia, of a house and lot situated on West Main street, in the borough of Carlisle, containing thirty feet front, more or less, on Main street, and extending at an even width 240 feet to Dickinson alley, it being the same property conveyed by Margaret Beatty et al. to C. D. Cameron.

The said C. D. Cameron was seized in fee of the said property at the time of his assignment, and had a wife in full life to whom he had been lawfully married and who is still living and undivorced. The wife of the assignor did not join in the deed of assignment.

The said George Edward Mills, as assignee, accepted the trust, and entered upon the discharge of his duties, having first given bond approved by the court for the faithful discharge of his duties. An appraisement of the real and personal property of the assignor was duly made and reported to the court.

George Edward Mills, as assignee of the said C. D. Cameron, presented his petition to the court of common pleas of Dauphin county, setting forth the liens against the real estate of the assignor, and stating that the personal estate of the assignor was insufficient to pay his just debts and that the real estate was incumbered with liens to such an extent as to render it difficult to determine whether the same could be sold for enough to pay all of the liens against the real estate of the assignor, and that it was to the manifest interest of all parties to empower the assignee to sell a part or all of the real estate of the assignor, and petitioning the court for an order of sale, as provided by the act of assembly of February 17, 1876 ; whereupon the court ordered the assignee to expose to public sale inter alia, the above described real estate known as the Beatty property. The said property was thereupon duly advertised, as required by law, and exposed to public sale and after receiving several bids, was adjourned, the highest and best bid being $8,950, to August 3, 1898, at which time the property was again exposed for sale and sold to Ella N. Ritter for $9,400, that sum being the highest and best price bidden for the same.

A note payable one day after date was taken by the assignee in part payment for the sum of $1,550, which, upon demand after the same came due, the said Ella N. Ritter refused and still refuses to pay.

At the time of the sale an agreement was entered into between the parties that the assignee should convey a good and marketable title, or the agreement to purchase should be void, and any consideration money paid on account of the same refunded.

The said Ella N. Ritter, alleging that the dower right of the

wife of the assignor is not discharged by the sale of the assignee under the acts of assembly regulating and controlling the sale of real estate by assignees for the benefit of creditors under orders of the court of common pleas authorizing the real estate to be sold for the payment of debts, and that the proceedings had in this case do not discharge the widow's dower, says that she is not bound by the terms of the sale, and refuses to pay the amount of the note given in part payment of the purchase money.

If the court be of the opinion that the dower interest of the wife of the said C. D. Cameron is discharged by the sale under the order of the court, by virtue of the act of assembly of February 17, 1876, or any other act of assembly regulating the sale of real estate by assignees, then judgment be entered in favor of the plaintiff and against the defendant for the sum of $1,550, otherwise judgment to be entered in favor of the defendant for costs.

The court entered judgment for defendant on case stated.

*Error assigned* was in entering judgment for defendant on case stated.

*George Edward Mills*, with him *E. M. Biddle*, *Jr.*, for appellant.—Lands in Pennsylvania are chattels for the payment of debts, and the rights of creditors to be paid out of the proceeds of the land are superior to the wife's right of dower: Scott v. Croasdale, 1 Yeates, 75; Directors of the Poor v. Royer, 43 Pa. 146; Mitchell v. Mitchell, 8 Pa. 126.

A judicial sale of land discharges the wife's right of dower: Scott v. Croasdale, 1 Yeates, 75; Mitchell v. Mitchell, 8 Pa. 126; Vandever v. Baker, 13 Pa. 126; Helfrich v. Obermyer, 15 Pa. 113; Stewart v. Wagoner, 46 P. L. J. 359.

A sale by an assignee under an order of the court, by virtue of the act of February 17, 1876, is a judicial sale within the meaning of that term: Rorer on Judicial Sales (2d ed.), sec. 29; Helfrich v. Obermyer, 15 Pa. 113; White v. Crawford, 84 Pa. 438; Tomlinson's App., 90 Pa. 224; Herbst's App., 90 Pa. 353; Stickler's Est., 2 Pearson, 307; Carver's App., 89 Pa. 276; Myers's App., 192 Pa. 458.

The act of February 17, 1876, is absolutely destructive of

the rights of lien creditors if the dower remains in the land after a sale under the act, and the act itself becomes a fraud upon their rights: Youngs v. Hannas, 1 Pa. C. C. R. 579.

*G. Wilson Swartz,* for appellee, on reargument.

OPINION BY MR. JUSTICE BROWN, October 8, 1900:

The single question raised on this appeal is, does a sale by an assignee of the assignor's real estate, under an order of court, awarded in pursuance of the Act of February 17, 1876, P. L. 4, pass a title free from the incipient or contingent dower of the assignor's wife, if she did not join in the deed of assignment?

As a reason why this right of the wife passes under a sale so made, it is urged that the sale is a judicial one and divests everything except the liens preserved by the act. Such a sale is undoubtedly judicial. The very terms of the act make it such, and we have distinctly so held: Myers's Estate, 192 Pa. 458. But the pertinent inquiry is, what does the assignee sell, even if his sale is a judicial one? Certainly, nothing more than the assignor passed into his hands for sale. The deed of assignment is the voluntary act of the assignor, conveying nothing to the assignee as a purchaser. The embarrassed or insolvent debtor adopts it for his relief or for the equal distribution of his estate among his creditors. "Perhaps nothing is better settled, in this state, by uniform and numerous decisions, than this, that a voluntary assignee is the mere representative of the debtor, enjoying his rights only and no others; and is bound where he would be bound; that he is not the representative of the creditors, and is not clothed with their power; that he is but a volunteer, and not a bona fide purchaser for value. . . . He is, in short, but the hand of the assignor in the distribution of his estate among his creditors:" Fulton's Estate, 51 Pa. 204. The assignor passes to the assignee only such estate or property as he himself could sell or dispose of, and, in the case of real estate, only such interest in it as he, if married, could convey without his wife's joining in the deed.

In the case before us, the assignee took the real estate of the assignor for the purpose of selling it and distributing the proceeds among his creditors, but, the wife not having joined in

the deed of assignment, her incipient or contingent dower did not pass by it. If the assignee had undertaken to sell, by virtue of the power contained in the deed of assignment, and without any order of court, the real estate so held by him in trust for the creditors of the assignor, it is admitted that the wife's right of dower would not pass to the purchaser: Helfrich v. Obermyer, 15 Pa. 113. If the assignee, without an order of court, could have sold only what passed to him as trustee, how could he sell more under an order? It is true, his sale under the direction of the court was a judicial one and divested, in the language of the act, "all liens against the real estate so sold," but what was this real estate so sold? It was land of the assignor that he could not have sold discharged of his wife's right of dower without her formal release, and it continued to be impressed with that right in the hands of the assignee under the deed of assignment. The wife had done nothing to affect or impair her right in it. When the assignee asked for an order of sale under the act referred to, he could have asked to sell no more than the assignor had placed in his hands, and the court could not, by its order, have enlarged the assignor's interest in the land. Keeping in mind that the deed of assignment fixed the quantum of the estate that passed to the assignee, and that the act of assembly did not enlarge it, but simply regulated the manner and the effect of the sale of it, the determination of the question before us is free from difficulty. The power of the assignee to sell was limited to the estate that had passed to him from the assignor for the purposes of the trust; and the wife's contingent right of dower, not having passed by the deed of her husband, remained in her, to become absolute, if she should survive him. Authority for this reasonable conclusion can be found in Lazear v. Porter, 87 Pa. 513. In that case, all the real estate of the bankrupt, in adverse proceedings instituted against him by creditors, had vested in his assignee, and, on a judicial sale of the same, under an order of court, directing that all liens and incumbrances, except a certain mortgage, should be discharged, it was held that the wife's right of dower remained unimpaired. "Nothing," said the late Justice TRUNKEY, "should be taken to prejudice a wife's estate by mere inference. A statute ought not to be interpreted as authorizing a sale of the husband's lands freed from dower

unless such is the clear intendment. Were the meaning of the bankrupt law and the effect of a sale of the bankrupt's land as to dower doubtful, the conclusion must be that the wife's estate is not divested."

It may be well for us to again say, as was said by our Brother FELL in Myers's Estate, supra, that it is not the purpose of the act of February 17, 1876, to take away from judgment creditors the right to proceed by execution to collect their claims, and that this right is not taken away from them at all, except in cases where the estate of the assignor is "incumbered with liens to such an extent as to render it difficult to determine whether the same can be sold for enough to pay all the liens," and then only "when the said court shall deem it for the manifest interest of all parties." In no case is the order of sale a matter of right, but of discretion on the part of the court when the estate is incumbered, as set forth in the act, and even then an order cannot be made until notice of the intended application for the same shall be given to the lien creditors, or their attorneys, that they may be heard touching it. In the exceptional case of a deed of assignment by an assignor whose wife does not unite in it, it would not, in view of what we have said, be for the manifest interest of all parties that an order of sale should issue, and, upon objection by any lien creditor, ought to be withheld. Sale on execution would then give to the lien creditors the proceeds of the real estate sold, discharged of the wife's interest.

The judgment of the court below, having been properly entered on the case stated, is now affirmed.

McCOLLUM and MITCHELL, JJ., dissent.