# Sloan, Appellant, *v.* Hoyt.

*Railroads—Eminent domain—Location of road—Death of owner—Distribution of fund—Real or personal property.*

1. Where a railroad company directs a survey of land to be made for railroad purposes, and the survey and location is regularly adopted by the board of directors, and subsequently, but before a bond is filed, the owner of the land dies intestate, the damages awarded for the taking of the land are to be distributed as personal property and not as real estate.

2. In such a case the act of location is at the same time the act of appropriation. The space covered by the line as located, is thereby seized and appropriated to the purposes of construction and operation of the railroad by virtue of the power of eminent domain, and nothing remains to be done except to compensate the owner. The proceedings subsequent to the death of the owner are simply to ascertain the amount of money the railroad company is to pay, and the persons entitled thereto.

Argued May 4, 1909. Appeal, No. 137, April T., 1909, by plaintiffs, from judgment of C. P. Indiana Co., Dec. T., 1908, No. 49, on case stated in suit of Elizabeth Jane Sloan et al. v. Rebecca S. Hoyt. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Case stated to determine the ownership of a portion of a fund awarded as damages for taking of land for railroad purposes. Before TELFORD, P. J.

In addition to the facts stated in the opinion of the Superior Court it appeared that the land in question descended to Martha Sloan from her father, Thomas N. Sloan.

The court entered judgment in favor of the defendant.

*Error assigned* was in entering judgment for defendant.

*A. E. Sloan,* with him *Cunningham & Fisher* and *D. B. Taylor,* for appellants.—Where the dispute or controversy is between the railroad company and the landowner, the time of the appropriation is the date of the filing and approval of the bond, and until that time no absolute title passes from the owner to the railroad company: Fries v. Southern Penna. R. R. & Mining Co., 85 Pa. 73; West Penna. R. R. Co. v. Johnston, 59 Pa. 290; McClinton v. Pittsburg, Fort Wayne and Chicago Ry. Co., 66 Pa. 404; Buffalo, N. Y. and Phila. R. R. Co. v. Harvey, 107 Pa. 319; Williamsport, etc., R. R. Co. v. Phila., etc., R. R. Co., 141 Pa. 407; Phila., etc., R. R. Co. v. Cooper, 105 Pa. 239; Oliver v. Pittsburg, etc., Ry. Co., 131 Pa. 408.

*J. N. Banks,* for appellee.—The selection and adoption of a line as and for the location of a railroad followed by the adoption of the location by the board of directors fastens a servitude upon the property affected, and takes it from the owner, and appropriates it for the use of the corporation. This right, however, is only a conditional one which ripens into an absolute right upon making compensation for the land taken: Williamsport & North Branch R. R. Co. v. Phila. & Erie R. R. Co., 141 Pa. 407.

The damage accrues at the time of the appropriation when compensation could be first demanded, whether possession has been taken or not, and a subsequent purchaser of the land cannot maintain a proceeding to recover damages done to him by reason of such appropriation: Zimmerman v. Union Canal Co., 1 W. & S. 346; Johnston v. Callery, 184 Pa. 146; Losch's App., 109 Pa. 72; Blackiston's App., 81* Pa. 339.

OPINION BY ORLADY J., July 14, 1909:

The Pennsylvania Railroad Company, in the lifetime of Martha Sloan, who was the admitted owner of certain lands in Indiana county out of which this contest arises, caused a survey to be made of a part of said lands for railroad purposes; the company, by its board of directors at a meeting held on the            day of        1906, at Philadelphia, and during the lifetime of Martha Sloan, passed a resolution approving the survey as made, and directed the construction of the railroad tracks thereon for its uses and purposes.

On June 13, 1906, Martha Sloan died intestate and without issue, leaving as her next of kin thirteen persons, all of whom were first cousins. Twelve of these are children of her paternal aunts and uncles, and one is a daughter of a maternal aunt. On June 15, 1906, the railroad company entered upon the lands embraced in the survey, and commenced its work of construction thereon. On August 20, 1906, the railroad company filed a bond in the court of common pleas of Indiana county, together with a petition for the condemnation of the land described in the survey, which bond was approved November 4, 1907. On January 15, 1908, upon the petition of the railroad company, viewers were appointed to view the premises and assess the damages. On February 12, 1908, the viewers met and assessed the damages at $8,000. On September 16, 1908, the counsel for all parties interested agreed upon the facts, in the form of a case stated, in which all the children of the paternal aunts and uncles are named as plaintiffs, and the daughter of the maternal aunt as the defendant.

The question for determination was, whether the land appropriated by the railroad company passed to the next of kin

of Martha Sloan as real estate, then, the damages recovered from the railroad company by reason of the taking of the right of way through the land, should be distributed to the twelve persons named as plaintiffs, children of paternal aunts and uncles; but, if it should be distributed as personal property, then one-thirteenth part was to be awarded to the defendant. After the hearing the court concluded, that at the time of the appropriation, which was the date of the approval of the survey by the board of directors of the railroad company, the matter in controversy was changed from land, to money which was due from the railroad company to Martha Sloan, and that the fund realized from the proceeding to ascertain the damages for the appropriation of the land, was personal property in the lifetime of Martha Sloan, and directed that judgment be entered for the defendant upon the case stated,

The only error assigned is that the court erred in holding that the damages arising from the appropriation of the land passed as personal property instead of real estate. The principles declared in Johnston v. Callery, 184 Pa. 146, control this case, in which it is held that, "The successive steps contemplated by the act of 1849 and subsequent legislation, as necessary to vest a title to the roadway in the corporation are these: 1. A preliminary entry on the lands of private owners for the purpose of exploration. 2. The selection and adoption of a line, or one of the lines so run, as and for the proposed railroad. This is done by the corporation, and it requires action in some form of the board of directors. That makes what was before experimental and open, a fixed and definite location. It fastens a servitude upon the property affected thereby, and so takes the land from the owner and appropriates it to the use of the corporation. 3. Payment to the owner for what is taken and the consequences of the taking, or giving security that payment shall be made when the amount due him is legally ascertained.

The act of location is at the same time the act of appropriation. The space covered by the line as located is, thereby, seized and appropriated to the purposes of the construction and operation of the railroad, by virtue of the power of eminent

domain, and nothing remains to be done except to compensate the owner. After the act of location by the company, the owner or the company may proceed at once to secure an ascertainment of the damages. When the engineers have returned to the office of the company, the projected surveys of the line or lines run, and the survey thus made has been formally adopted and declared to be the location of the road, that constitutes and completes the fact of location.

Under the facts stated, the preliminary entry on the lands for the purpose of exploration had been made; during the lifetime of Martha Sloan the line had been run and marked out; a report had been made of their work with accompanying maps and profiles; a regular meeting of the board of directors had been held, and a resolution had been passed, approving and adopting the entry and the survey as made, and directing the construction of railroad tracks in accordance therewith.

As stated in Johnston v. Callery, 173 Pa. 129, The act of location is at the same time the act of appropriation. The space covered by the lines as located, is thereby seized and appropriated to the purposes of construction and operation of the railroad by virtue of the power of eminent domain, and nothing remains to be done except to compensate the owner. The proceedings subsequent to the death of Martha Sloan were simply to ascertain the amount of money the railroad company was to pay, and the persons entitled thereto.

Zimmerman v. Union Canal Co., 1 W. & S. 346; Blackiston's Appeal, 81 * Pa. 339; Sibbald's Est., 18 Pa. 249; Losch's App., 109 Pa. 72, hold that the right to damages for injuries done to lands occasioned by the construction of public improvement, remains in the person who was the owner of the land at the time of the injury, and passes not to the vendee by virtue of a subsequent conveyance, and even where a sovereign for the purpose of promoting the peace of the country seizes the land itself, taking it from one man and conveying to another, the right in the land which existed in the first owner, before the seizure is converted into a chose in action, passes not by a conveyance of the land, and is not assignable either directly or indirectly. This was decided upon great consideration in

Com. v. Shepard, 3 P. & W. 509, and for the purpose of establish-
ing the doctrine the contrary principle adopted in Evans v.
Com., 2 S. & R. 441, was re-examined and overruled. The fund
produced by the claim for damages was properly distributed as
money and not as land. Even a subsequent purchaser of the
land could not maintain a proceeding to recover damages done
to him by reason of such an appropriation. The bond filed by
the company stands for the benefit of all persons having an in-
terest in the money accruing from the previous taking of the
land. The death of Martha Sloan alone prevented an adjust-
ment of the damages with her or the filing of a bond in her
lifetime.

The judgment is affirmed.