---

## Carr, Appellant, v. Ætna Accident & Liability Company.

*Practice, C. P.—Service of process—Foreign insurance company—Corporations—Insurance—Constitutional law—Sheriff's return—Act of June 1, 1911, P. L. 607, 614.*

1. The Act of June 1, 1911, P. L. 614, does not provide that process against a foreign insurance company can be only served upon the insurance commissioner.

2. If it did it would violate Art. XVI, Sec. 5, of the Constitution of the State.

3. Where an act of assembly is reasonably capable of two constructions, one of which would make it unconstitutional, the other construction must be adopted.

4. Under Article XVI, Section 5, of the Constitution, foreign corporations must have an authorized agent, upon whom process may be served, at every place in the Commonwealth where it carries on business.

5. A sheriff's return of service cannot be contradicted.

*Judgment—Opening judgments—Pleadings.*

6. Upon a petition to open or set aside a judgment, ordinarily only such questions will be considered as are raised by the pleadings; and this applies to the record on appeal.

7. Where the averments of a petition are denied in the answer, evidence is required to overcome the effect of the answer.

*Appeals—Striking off judgments—Act of May 20, 1891, P. L. 101.*

8. The decision of a lower court "opening, vacating or striking off" a judgment, is reviewable by either the Supreme or Superior Court, under the provisions of the Act of May 20, 1891, P. L. 101.

Reargued Oct. 14, 1918. Appeal, No. 18, Oct. T., 1917, by plaintiff, from order of Superior Court, April T.,

1916, No. 60, reversing order of C. P. Allegheny Co., July T., 1915, No. 1325, reversing order of County Court, making absolute rule to strike off service of summons and vacate judgment in case of W. Murray Carr v. Ætna Accident & Liability Company. Before Brown, C. J., Stewart, Moschzisker, Frazer, Walling, Simpson and Fox, JJ. Reversed.

Appeal from order of Superior Court. See 64 Pa. Superior Ct. 343.

*Error assigned* was the order of the Superior Court.

*Ernest Frey,* with him *Arthur E. Young,* for appellant.—The Act of June 1, 1911, P. L. 607, does not provide an exclusive method of serving process upon foreign insurance companies: Dunbar Furnace Co. v. Penna. R. R. Co., 237 Pa. 192; Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 526; De La Vergne Co. v. Kolischer, 214 Pa. 400; Locomobile Co. of America v. Malone, 63 P. L. J. 179; Eline v. Western Maryland Ry. Co., 253 Pa. 204.

The Act of June 1, 1911, P. L. 607, is inoperative in so far as it relates to the service of process, because of a defective title: Stegmaier v. Jones, 203 Pa. 47.

The Act of June 1, 1911, P. L. 607, if construed to provide an exclusive method of service of process, violates Sec. 5 of Art. XVI of the Constitution of Pennsylvania: Locomobile Co. of America v. Malone, 63 P. L. J. 179.

The service of the original writ of summons was sufficient either under Sec. 6 of the Act of April 8, 1851, P. L. 353, or Sec. 1 of the Act of April 22, 1909, P. L. 120; Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453.

*Gordon Fisher,* of *Dalzell, Fisher & Hawkins,* for appellee.

*Wm. M. Hargest,* Deputy Attorney General, and *Francis Shunk Brown,* Attorney General, for the Commonwealth.

OPINION BY MR. JUSTICE SIMPSON, January 4, 1919:

On February 16, 1915, plaintiff sued defendant in assumpsit, in the County Court of Allegheny County. The sheriff returned that he had served the writ upon R. A. S. Pollock, assistant manager of the defendant. Defendant did not appear, and on February 27, 1915, plaintiff, in due course, recovered a judgment for $357.25.

On March 11, 1915, defendant presented a petition to the county court, averring, inter alia, that it was a foreign corporation, that it had complied with the Act of June 1, 1911, P. L. 614, designating the insurance commissioner of the Commonwealth, and his successors, as its agent upon whom process might be served; and that R. A. S. Pollock was not its agent, officer or employee; and was not its registered agent for the service of process. It prayed a rule to show cause why the service of the summons should not be stricken off, and the judgment vacated. A rule to show cause was granted as prayed for. The petition did not aver a defense upon the merits, or explain why no appearance was entered or defense made to the suit; and it made no complaint that the service and return were in any respect bad, save in the fact that the service was not made upon the insurance commissioner, as provided by the Act of 1911.

Plaintiff filed an answer admitting that defendant was a foreign corporation with its office and chief place of business in Allegheny County, averred that the writ was served at this office and known place of business upon the person and officer of the corporation named in the sheriff's return; that defendant had no designated officer or agent upon whom process might be served as required by the Constitution of Pennsylvania; that the person and officer upon whom the service was made was not casually within the jurisdiction, but was in regular attendance at said office at the time he was served, and that defendant company was fully apprised of the suit.

No testimony was taken, the case was heard upon petition and answer, and the rule was made absolute.

No opinion was filed, but we are advised that the basis of the judgment was that the service should have been made in accordance with the Act of 1911.

The Court of Common Pleas of Allegheny County issued a writ of certiorari to remove the record into its court, and thereafter reversed the judgment of the county court. In its opinion the Court of Common Pleas (63 Pitts. Legal Journal 465) decided, inter alia, that the Act of 1911 is unconstitutional in so far as it relates to the service of process, because that matter is not clearly expressed in the title; and that if the method of service referred to in that act were held to be exclusive, it would violate also Sec. 5, Art. XVI, of the Constitution.

Upon appeal to the Superior Court, the judgment of the Court of Common Pleas was reversed and that of the county court reinstated (64 Pa. Superior Ct. 343), upon the ground that the Act of 1911 was constitutional, and its method for serving process exclusive.

This court allowed an appeal from the judgment of the Superior Court, and we have had the benefit of two arguments of the three questions raised by the petition and answer, viz:

1. Was R. A. S. Pollock the assistant manager of the defendant? The sheriff's return says that he was, and that return cannot be contradicted. Moreover, it is so averred in the answer, in denial of the averments of the petition, and no evidence was taken to overcome the effect of the answer.

2. Was the decision of the County Court of Allegheny County interlocutory, and hence not reviewable? The answer to that question is the Act of May 20, 1891, P. L. 101, which expressly gives an appeal from "the decision of the court opening, vacating or striking off, or the refusal to open, vacate or strike off, such judgment." True that act antedates the acts creating the Superior Court, and the County Court of Allegheny County, but it none the less remains in effect, and is applicable, with necessary modifications, to the changed conditions thereby arising.

3. Was the Superior Court right in deciding that the Act of 1911 is constitutional, and provides an exclusive method for the service of process? Its constitutionality is attacked upon two grounds, (a) because the title does not give notice of an intention to provide an exclusive or indeed any method for service of process; and (b) because the act does not specify that the method provided shall be exclusive; and, to hold that it does would cause it to violate Sec. 5, of Art. XVI, of the Constitution, which provides that "No foreign corporation shall do any business in this State without having one or more known places of business and an authorized agent or agents in the same upon whom process may be served." In the view we take of the case it is not necessary to consider the first of these reasons.

The act itself does not provide that the method of service specified therein shall be exclusive. Section 10 says only that "all lawful processes in any action, rule, order or legal proceeding against it [a foreign insurance company] may be served" upon the insurance commissioner. The use "of the word 'may,' instead of the mandatory 'must' or 'shall' " is reasonably strong evidence that "may" alone was intended: Eline v. Western Maryland Ry. Co., 253 Pa. 204. But it is said that this act, and the others on the same general subject, which were passed at the same session of the legislature, when considered together show that an exclusive system was intended to be provided for such companies, and hence there arises a presumption that the method of service prescribed was intended to be exclusive, though it is not specifically so stated. Even were this so, there is another rule of greater force which prevents that presumption from applying here, viz: that if there are two constructions which can be placed upon an act of assembly, one of which will make it constitutional and the other unconstitutional, the former will always be preferred, for it can never be presumed that the legislature intended to do the vain thing of passing a wholly nugatory

provision: Sharpless v. West Chester Borough, 1 Grant 257, 260.

If the claim were sustained that the Act of 1911 requires that the insurance commissioner shall be the only agent of a foreign insurance company, upon whom service of process can be made, then that provision would violate Sec. 5 of Art. XVI, above quoted. It is argued by defendant that the words "in the same," in that section, refer to the State and not to the place of business of the foreign corporation. If this were so, then such corporations might have a place of business in Pittsburgh, and an authorized agent in some out of the way place in Wayne County, upon whom, under the constitutional provision, process would have to be served. We cannot assume that the constitutional convention or the people intended such an absurdity. The evil to be remedied was the difficulty in serving process upon foreign corporations doing business in this State. It is our duty to advance the remedy; and we are satisfied that it can be done only, and that it ought to be done, by holding that the "agent or agents" must be at the "one or more places of business," an agent if there be one, and agents if there be more than one place of business. This was our decision in De La Vergne Refrigerating Machine Co. v. Kolischer, 214 Pa. 400, 409, where we said: "There must be at least one place of business and one registered agent in every case. There must also be as many registered agents as there are places of business, and each registered agent must have his headquarters at the designated place of business." We reached the same conclusion in Dunbar Co. v. Penna. R. R. Co., 237 Pa. 192, 198; and we are satisfied that it correctly construes the constitutional provision. It follows, therefore, that the Act of 1911, does not provide an exclusive system for the service of process upon foreign insurance companies, and hence that the decision of the Superior Court was wrong.

Defendant also argued that the return of service was inadequate, even aside from the Act of 1911; but that

matter is not questioned in defendant's petition in the county court; and, on well-settled principles, only the issues actually raised by the petition and answer are to be considered: Fisher v. King, 153 Pa. 3; Pfaff v. Thomas, 3 Pa. Superior Ct. 419. Had that question been there raised, doubtless the sheriff would have amended his return to conform to the facts, and thus made it unquestionably sufficient. At any rate, where, as here, a defendant chooses to complain solely upon the ground that the return is bad and not amendable, because not made according to a specific act of assembly, it cannot be heard to allege on appeal that the return, not the service, was bad in any event; especially where no defense is alleged on the merits, there is no denial of actual knowledge of the pendency of the suit, and no explanation of the failure to defend prior to judgment.

The judgment of the Superior Court is reversed, and the judgment of the Court of Common Pleas of Allegheny County is reinstated and affirmed.