## Hanson Clutch and Machinery Company v. Namura

Before Aponick, Flannery and Lewis, JJ.

*Robert J. Doran*, for plaintiff.

*W. A. Valentine*, for defendant.

LEWIS, J., September 28, 1953.—This matter comes before the court on defendant's petition for a declaratory judgment.

On April 14, 1941, plaintiff obtained a judgment against defendant for failure to enter an appearance and failure to file an affidavit of defense to a statement

of claim in assumpsit entered to December term, 1940; no. 86.

The County of Luzerne, in conjunction with Lackawanna County, on January 23, 1945, passed a resolution condemning certain coal lands upon which defendant had a coal lease from T. F. Quinn Coal Company, which coal lease, by reason of its provisions, constituted a conveyance of the coal and surface in fee to defendant.

As a result of the condemnation of the aforesaid coal lands by the County of Luzerne and Lackawanna County, damages were awarded. A certified lien search made by the Prothonotary of Luzerne County, revealed the existence of the aforesaid judgment. The judgment had not been revived.

The County of Luzerne is holding in escrow the sum of $3,291.60, representing the amount involved in the matter before us.

This court granted a rule upon plaintiff to show cause why a declaratory judgment should not be granted and the sum of $3,291.60 ordered paid to defendant.

It is the contention of defendant that the judgment should be entered in his favor because plaintiff has failed to revive the lien on its judgment as required by the Judgment Lien Law of July 31, 1947, P. L. 1234, sec. 2, 12 PS §878.

It is agreed by counsel for both parties that if the Judgment Lien Law requires plaintiff to revive the lien on its judgment, then the sum held in escrow by the County of Luzerne must be paid to defendant. On the other hand, if plaintiff was not required to revive the lien on its judgment, then the sum involved in this proceeding must be paid to plaintiff.

It is our opinion that proceedings to revive a lien following a condemnation proceeding in order to maintain a lien on the real estate or the moneys to be paid

therefor, are not only unnecessary but would be without legal efficacy.

The question before us is whether a fund raised through condemnation of land is subject to a claim of one holding a valid lien against the real estate at the time land was condemned.

When the land was condemned for public use, the fund received in payment is personal property. The effect of condemnation is the same as a judicial sale of land. The rights of plaintiff could not be destroyed by the condemnation.

We believe it is the status of the title in lands and liens thereon at the time of condemnation that determines the distribution of money paid therefor.

A lien against property taken by eminent domain is divested.

"In the condemnation of lands for public purpose, liens, encumbrances or mortgages are divested as a matter of public policy, since it would be inconvenient, prejudicial to and destructive of the right of eminent domain to have such items remain as a charge on the property. Since the lien of a legacy, judgment, or mortgage against property taken by eminent domain is thus divested, it attaches forthwith to the fund realized from the land and the owner is regarded as a trustee for the benefit of others directly interested who are not necessarily parties to the proceedings": Briegel v. Briegel et al., 307 Pa. 93, 98.

We are of the opinion under the facts before us that the County of Luzerne must pay to plaintiff the sum of $3,291.60 which it is holding in escrow.

Defendant's rule is discharged, and accordingly we enter the following

*Order*

And now, therefore, September 28, 1953, at 11 a. m. (D. S. T.), it is ordered and decreed that judgment be entered in favor of plaintiff and against defendant in the sum of $3,291.60.